Seawell, J.
delivered the opinion of the Court.
This is an action of detinue to recover a slave which the plaintiff bought at a sale, made by a constable, in virtue of an execution against the goods and chattels of Michael Sherman.
It appears from the case stated, that the slave in question once belonged to Michael Sherman, who, sometime antecedent to the contracting the debt which it was sold to satisfy, gave the same to his daughter by parol. That the daughter was then an infant of tender years, and a cripple: That both the daughter and slave continued with the father, who was not indebted at the time of the gift; and that at the time of his death, his estate was amply sufficient for all his creditors.
The Jury, under these circumstances, found a verdict for the defendant, and the case comes into this Court upon a motion for a new trial.
If it became necessary in the present case, to consider the effect of the gift, in opposition to the claim of a creditor, upon common law principles, it would be important to enquire into the motives which induced the father to make the gift. It would then be proper to consider why a father, if he was in no dread, or expectation of future insolvency, or had no design of defrauding a subsequent purchase, should (unnecessarily, as regarded the situation of his child,) place *470 beyond his legal control, property which he continued to possess and enjoy, by conveying it to an infant incapable of using it, and which, at that time of life, in no respect required such assistance, nor was in reality benefited by it.
But, in the present case, we are relieved from this necessity, as we are all of opinion that the gift, not being in writing, is, as to a creditor, void by the act of 1784.
That act, it is true, does not in express words declare that a parol gift shall be void, as to a creditor; yet such inference is clearly deducible from the design of the framers, and falls within the legal import of the expressions used. The preamble declares, that, whereas many persons have been injured by secret deeds of gift to children and others, and for want of formal bills of sale, and a law perpetuating the same; the Legislature then declares in general terms, as a remedy for the evils, that all sales shall be in writing, attested at least by one credible witness; and that all bills of sale for negroes and deeds of gift of any estate, of whatever nature, shall be recorded in nine months, or the same shall be void. To give effect to the parol gift in the present case, would be expounding the act to protect a parol gift against a creditor, whilst a parol sale, though for full and valuable consideration, and attended with possession, would be void. The design of the act was to protect persons who had suffered, and were still liable to be injured from the existing laws; those persons were creditors or purchasers, none others were capable of being injured. The cause from whence the mischief resulted, was the secret conveyancing of slaves from one individual to another, and for want of formal bills of sale and a law perpetuating the same. The intention of the Legislature manifestly reaches the present case, and we are satisfied it is within the import of terms employed. Added to this is a series of adjudications in the Courts of this State, from the year 1796, to this time, many of which have received the sanction of that justly celebrated *471 lawyer, Mr. Justice Haywood, whilst he presided on the bench. Fortified in our own with the opinion and repeated decisions of so great a judge, we have the less difficulty in saying the verdict was wrong. A different construction would be sticking to the letter of the act, at the expense of the manifest design.
Wherefore we are of opinion the rule for new trial be made obsolute.*

 Judges Henderson and Cameron being employed whilst at the bar, as opposite Counsel for the parties, gave no opinion. Judge Henderson, however, did not coincide in the opinion of the Court.